IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br> § <br> Plaintiff, § <br> § NO. EP: 25-M-4947-LE <br> v. § <br> § <br> GABRIELA DE LA CARIDAD § <br> PALMERO-PAZ, § <br> § <br> Defendant. § <br> § | |

**GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTION TO DISMISS INFORMATION**

The United States (Government) files this response in opposition to defendant Gabriela De La Caridad Palmero-Paz's Motion to Dismiss Counts 2 and 3 of the Information. The defendant moves for dismissal based on alleged insufficiency of the charging instrument.

The Government would respectfully request the Court deny the Defendant's motion because the charging language in the 3-count Information meets minimal constitutional standards. In addition, the request for dismissal is premised on having the Court make a pretrial determination of disputed issues of fact which are intended to be resolved at trial. Thus, such attempt to redirect a procedural tool to a ruling on the merits should be denied.

**BACKGROUND**

1. On September 1, 2025, Defendant Gabriela De La Caridad Palmero-Paz was apprehended by U.S. Border Patrol agent approximately 11.6 miles west of the Tornillo Port of Entry in El Paso, located within the Western District of Texas.

2. Based on the Defendant's location, and the fact that he entered the United States by crossing the Rio Grande River, it was determined that Defendant crossed through the Texas National Defense Area (NDA).

1

3. A criminal complaint was issued charging Defendant with violations of three statutes: (1) 8 U.S.C. § 1325; (2) 50 U.S.C. § 797; and (3) 18 U.S.C. § 1382. (ECF No. 1.)

4. The Government thereafter filed a Misdemeanor Information charging Defendant with the above offenses. (ECF No. 5.)

5. On September 19, 2025, Defendant filed a motion seeking dismissal of count two of the Information, relating to the 50 U.S.C. § 797 charge, and count three of the Information, relating to the 18 U.S.C. § 1382 charge. (ECF No. 13) In his motion, Defendant argues that counts two and three should be dismissed for failure to state an offense under Fed. R. Crim. P. 12(b)(3)(B)(v). (ECF No. 13 at 1-2.)

## LEGAL STANDARD

A charging instrument "is sufficient if (1) it contains the elements of the offense charged, (2) it fairly informs the defendant of the charge he must meet, and (3) there is no risk of future prosecution for the same offense." *United States v. Masha*, 990 F.3d 436, 443 (5th Cir. 2021). Generally, an indictment which tracks the statutory language will be sufficient, so long as said statute sets forth all the elements necessary to constitute the offense intended to be punished. *Id.*; *see also United States v. Cabello*, 33 F.4th 281, 286 (5th Cir. 2022) ("[A]n indictment that closely tracks the language of the statute under which it is brought will generally pass muster—no prescribed set of words are required."); *United States v. Purvis*, 580 F.2d 853, 857 (5th Cir. 1978) ("Although indictments must be specific and precise as to the acts and crime charged, the law does not compel a ritual of words."). "The test of the validity of an indictment is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." *United States v. Wilson*, 884 F.2d 174, 179 (5th Cir. 1989).

"It is generally sufficient that an indictment set forth the offense in the words of the statute itself, so long as those words of themselves fully, directly, and expressly, without any uncertainty

2

or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished."

*United States v. Hamling*, 418 U.S. 87, 117 (1974). In considering a motion to dismiss an indictment, the Court must "take the allegations of the indictment as true and determine whether an offense has been stated." *United States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004). "While the indictment must at least state the facts and circumstances of the alleged offense such that the accused will be informed of the charge against him, the indictment does not have to articulate the evidence that will be used to prove the allegations." *United States v. Black*, 649 F.Supp.3d 246, 249 (W.D.LA. Jan. 6, 2023), *citing to United States v. Pratt*, 728 F.3d 463, 478 (5th Cir. 2013).

## ARGUMENT

Defendant moves under Fed. R. Crim. P. 12(b)(3)(B)(v) to dismiss counts two and three of the information for failure to state an offense. His attempt is premised on the desire to have this Court make a pretrial determination of disputed issues of fact, intended to be resolved at trial. This improper attempt to redirect a procedural tool to a ruling on the merits should be denied.

**I. Defendant improperly seeks a pretrial ruling on disputed factual issues, and her motion to dismiss Count Two should be denied.**

Defendant argues that the information is facially deficient because it fails to allege facts demonstrating that she acted "willfully" when she entered the NDA. (ECF No. 13 at 11.)

Title 50, U.S.C., § 797 makes it a crime to "willfully violate any defense property security regulation." 50 U.S.C. § 797(a)(1). The statute goes on to define a defense property security regulation, 50 U.S.C. § 797(a)(2), and define applicable terms, 50 U.S.C. § 797(a)(4). Separately and distinctly, the statute mandates that regulations and orders covered by subsection (a) shall be posted in conspicuous and appropriate places. 50 U.S.C. § 797(b).

The information which was filed in Defendant's case charges that she "willfully violated a defense property security regulation, issued by lawful authority on April 30, 2025, by the Senior Commander, U.S. Army Ft. Bliss, establishing a National Defense Area, and declaring the lands

to be a Restricted Area of the Department of the Army comprising approximately 2,000 acres of land located along the southern border of the United States, by accessing the designated Restricted Area which contained posted notice prohibiting unauthorized access". (ECF No. 5 at 1-2.)

By its plain terms, the information tracks the statutory language. Defendant nonetheless argues that "the undisputed information by the Government is insufficient to show that [Defendant] had the requisite, "willful," mental state to [] commit this offense." (ECF No. 13 at 11.) Defendant's argument is frivolous—no evidence has been provided by the Government, merely an allegation which this Court must accept as true for purposes of a motion under Fed. R. Crim. P. 12(b)(3)(B)(v).

Defendant makes an extended argument that the Government will not be able to prove that Defendant knew that she was entering the NDA and thus cannot be held criminally liable. (ECF No. 13 at 12-13.) While the Government rejects Defendant's contention that actual—as opposed to constructive—notice is required to prove the "willful" mental state required for a violation of 50, U.S.C., § 797, Defendant's arguments presuppose the Government's inability to prove its case at trial. (*See* ECF No. 13 at 12 ("The information also does not allege that…",) ("However, the Government does not show that …".) ("Because the Government does not show that … it cannot make the higher showing that …").

Because Defendant's arguments that the Government has failed to state an offense amount to little more than an assertion that the Government will be unable to prove this offense beyond a reasonable doubt at trial, this Court should deny Defendant's motion to dismiss as to Count Two.

## II.  Defendant's motion to dismiss Count Three should also be denied.

Just as Defendant's arguments seeking dismissal of Count Two ultimately would require this Court to improperly determine contested issues of fact, so too do her requests for dismissal of Count Three run afoul of the prohibition against these types of pretrial rulings. Defendant makes

4

three arguments in support of dismissal of Count Three: (1) that the NDA does not constitute military property under 18 U.S.C. § 1382; (2) that Defendant did not know she was entering military property; and (3) that Defendant did not enter the property for a "purpose prohibited by law". (ECF No. 13 at 3.)

### A. Defendant's arguments that the NDA is not "military property" require pretrial determinations of fact by this Court.

In relevant part, Title 18, U.S.C., § 1382 criminalizes "within the jurisdiction of the United States, go[ing] upon any military, naval, or Coast Guard reservation, post, fort, arsenal, yard, station, or installation, for any purpose prohibited by law or lawful regulation". Here, Defendant was charged as having:

> "entered any military reservation, post, fort, arsenal, station, and installation, specifically, the National Defense Area created by lawful authority on April 30, 2025, by the Senior Commander, U.S. Army Ft. Bliss, establishing a National Defense Area, and declaring the lands to be a Restricted Area of the Department of the Army comprising approximately 2,000 acres of land located along the southern border of the United States, and said entry was for any purpose prohibited by law or lawful regulation, specifically, Title 8 U.S.C. Section 1325(a)(1)"

(ECF No. 5 at 3.)

As above, the information tracks the statutory language, while specifying the particular military "reservation, post, fort, arsenal, yard, station, or installation"[1] Defendant entered upon,

---

[1] For ease of reference, and without waiving the issue for trial purposes, the Government will refer to a military "reservation, post, fort, arsenal, yard, station, or installation" as an "installation" in addressing the instant motion.

5

and additionally specifying the "law or lawful regulation" Defendant purported to violate by so entering.

Nonetheless, Defendant again attempts to place a heightened pleading requirement on the Government. Defendant argues that the NDA cannot be considered a military installation "because [it] does not have defined boundaries." (ECF No. 13 at 3.) It is a question of fact whether the Texas NDA is a military installation, and this Court must accept as true the allegations in the information. *United States v. Radley*, 632 F.3d 177, 180 (5th Cir. 2011). There can be no question, and Defendant does not propose, that the defined boundaries—or the lack thereof—are an element of a violation of § 1382. And absent that, the particular method by which the parties attempt to prove or disprove that the NDA is a military installation are questions of fact inappropriate for pretrial resolution.

Defendant also argues that "the Information does not indicate whether the NDA is a" installation. (ECF No. 13 at 4.) But as noted above, Defendant is charged with entering any "military … installation, specifically,", which then specifies the NDA as the specific military installation entered. (ECF No. 5 at 3.) The clear language of the information belies Defendant's argument.

Finally, Defendant argues that the information's reference to "lawful authority" is insufficient to prove that the land transfer underlying this case—the transfer of the lands now part of the NDA from the International Boundary Water Commission to the Department of the Army—were legally effective. Again, for purposes of a motion to dismiss filed under Fed. R. Crim. P. 12(b)(3)(B)(v), this Court must accept as true the allegations of the charging instrument. *Radley*, *supra*. Defendant does not aver that the nature of the transaction is an element of a violation of § 1382, nor could she based on the plain text of the statute. Accordingly, this Court should deny Defendant's request for dismissal on this ground.

### B. Defendant fails to cite any binding precedent for her position that a defendant must "knowingly" go upon a military installation.

Defendant next argues that the information is silent as to the *mens rea* for "going upon" a military installation. She argues that this is a fatal flaw because a *mens rea* of "knowingly" applies to "going upon". (ECF No. 13 at 5.) But Defendant cites no binding precedent, for this is extra-textual addition to the plain language of the statute. (ECF No. 13 at 5-7.) Instead, her argument is entirely premised on an opinion issued by U.S. District Judge Gregory B. Wormuth in the District of New Mexico, similarly tacking on an extra-textual mental state requirement to the plain language of 18 U.S.C. § 1382. *See United States v. Hernandez-Garcia*, 2025 WL 1413723 (D.N.M. May 14, 2025).

As an initial matter, for pleading purposes the plain text of § 1382 should govern, absent controlling precedent from this Circuit. By its plain text, § 1382 does not require that a Defendant knowingly go upon a military installation in order to be subject to criminal liability—merely go upon. 18 U.S.C. § 1382. This is especially appropriate considering that § 1382 already has an express intent requirement separating innocent from criminal conduct: that a defendant must "go upon" a military installation "for any purpose prohibited by law or lawful regulation."

§ 1382's express intent standard already "separate[s] wrongful conduct from 'otherwise innocent conduct.'" *Elonis v. United States*, 575 U.S. 723, 736 (2015). Simply put, no one who goes upon a military installation for a purpose prohibited by law, can claim that he was engaged in otherwise innocent conduct. And in cases where the "purpose prohibited by law" is a further crime that does not itself depend on the military status of the land; the military status of the site serves only to confer federal jurisdiction; it does not create the "wrongful[ness]" of the defendant's conduct. *See United States v. Feola*, 420 U.S. 671, 691 (1975) (distinguishing government's

7

burden in cases where "the underlying offense involved an act clearly wrongful in itself" from cases where "the acts agreed to were wrongful solely because of statutory proscription").

Because Defendant fails to cite to any binding authority for the proposition that a "knowing" mental state attaches to the first element of 18 U.S.C. § 1382, this Court should decline to impose such a requirement in the first instance.

### C. Defendant fails to cite any precedent for her position that Illegal Entry is not a "purpose prohibited by law".

Defendant next argues that effecting an illegal entry—in violation of 8 U.S.C. § 1325(a)(1)—is not a "purpose prohibited by law" for purposes of 18 U.S.C. § 1382. (ECF No. 13 at 8-11.) Notably, Defendant's strategy of lifting, whole-cloth, from Judge Wormuth's opinion in the *Hernandez-Garcia* case fails here, as in that case Judge Wormuth concluded that "the Complaint establishes probable cause to believe that [defendant's] entry and presence in the [New Mexico NDA] was for an unlawful purpose." *Hernandez-Garcia*, *supra*, at *5. Though announced in the context of finding probable cause, by making said finding on an element of the offense, Judge Wormuth necessarily concluded that mere presence in an NDA, if proven, is sufficient to meet that element of § 1382 liability.

Accordingly, by pleading that Defendant's purpose—to enter the United States in violation of 8 U.S.C. § 1325—was a purpose prohibited by law, this Court must accept as true that allegation in determining whether the elements of the offense have been sufficiently detailed as to survive Defendant's instant challenge. *See Masha*, *supra* at 443.

Separately, as is evident from the plain text of the statute, a defendant violates § 1382 when he "goes upon" military land—restricted or not—for "*any* purpose" that is unlawful. 18 U.S.C. § 1382 (emphasis added). This would include, of course, some purposes that might have a specific

military connection, such as interfering with the military's operations. But it would also reach other prohibited purposes that are not limited to military installations, such as trafficking contraband or concealing evidence. *See generally Alaska Dep't of Env't Conservation* v. *E.P.A.*, 540 U.S. 461, 484 (2004) (recognizing that "any" is a "notably capacious term[]"). When a defendant has such intent to commit an independent crime, he will have a "purpose prohibited by law or lawful regulation."

As before, the bulk of Defendant's instant argument boils down to a request for a pretrial ruling on an issue of proof. (ECF No. 13 at 11 ("The information is insufficient to show that Ms. Palmero knew she was entering military property.").) Questions such as these are not to be answered in pretrial litigation but proven by the Government at trial. Accordingly, the Government asks the Court to deny Defendant's motion to dismiss Count Three.

**III. Neither statute is ambiguous, and resort to the rule of lenity is inappropriate.**

Because Congress's drafting choices in these two statutes are evident and should be respected, there is no role for lenity in this case. (*Cf.* ECF No. 13 at 13.) Going back half a century, the Supreme Court has consistently explained that "the rule of lenity only applies if, after considering text, structure, history, and purpose, there remains a grievous ambiguity or uncertainty in the statute, such that the Court must simply guess as to what Congress intended." *United States v. Castleman*, 572 U.S. 157, 172-73 (2014); *see Huddleston v. United States*, 415 U.S. 814, 831 (1974). That demanding formulation ensures that unelected judges respect "the product of the legislative process" and refrain from applying a substantive canon that could alter a statute's meaning unless the statute is truly and irremediably ambiguous. *See* Amy Coney Barrett, *Substantive Canons and Faithful Agency*, 90 B.U. L. Rev. 109, 123 (2010). And it is not satisfied here, as both Sections 797 and 1382 speak directly to the state of mind required for conviction.

9

In any event, neither of the dual purposes served by the rule of lenity—"ensur[ing] both that there is fair warning of the boundaries of criminal conduct and that legislatures, not courts, define criminal liability," *Crandon v. United States*, 494 U.S. 152, 158 (1990)—would be advanced by applying that rule here. A defendant who acts "willfully" and "for a[] purpose prohibited by law" cannot complain that he lacked "fair warning" that his conduct has exposed him to criminal liability. *See Feola*, 420 U.S. at 685 ("It is no snare for the unsuspecting" where the defendant "knows from the very outset that his planned course of conduct is unlawful. The situation is not one where legitimate conduct becomes unlawful solely because of the identity of the individual or agency affected."). And respecting Congress's selection of a specific *mens rea*—rather than judicially imposing scienter elements found nowhere in the enacted text—best ensures that the "legislature [], not courts, define[s] criminal liability" under these provisions.

## CONCLUSION

For the foregoing reasons, this Court should deny Defendant's motion to dismiss counts two and three of the information.

Respectfully submitted,

JUSTIN R. SIMMONS
UNITED STATES ATTORNEY

By:   *Patricia Aguayo*
PATRICIA AGUAYO
Assistant U.S. Attorney
Texas Bar #24059359
700 E. San Antonio, Suite 200
El Paso, Texas 79901
(915) 534-6884

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 25th day of September, 2025, a true and correct copy was electronically filed with the Clerk of the Court using the CM/ECF System, which will transmit notification of such filing to the following CM/ECF participants:

Jose Troche, Attorney at Law,
Andrew Steed, Assistant Federal Public Defender,
Attorneys for Defendant

*Patricia Aguayo*
PATRICIA AGUAYO
Assistant U.S. Attorney

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | EP: 25-M-04947-LE |
| v. § | |
| § | |
| GABRIELA DE LA CARIDAD § | |
| PALMERO-PAZ, § | |
| § | |
| Defendant. § | |
| § | |

## **ORDER**

On this day, this Court considered Defendant's Motion to Dismiss Counts Two and Three of the Misdemeanor Information, and the Government's response.

This Court, having considered the same, hereby DENIES Defendant's motion.

_____
HONORABLE LAURA ENRIQUEZ
United States Magistrate Judge